COHN-GOODMAN COMPANY, APPELLANT, v. MANDELSON & GOLDSTEIN, APPELLEES.

FILED JUNE 16, 1913.   No. 17,246.

1. **Sales:** CONDITION: RETURN OF GOODS. If a manufacturer sells goods to a retail dealer with a condition in the contract that the dealer may return anything that is not entirely satisfactory, he cannot complain if the dealer, upon receipt of the goods, makes a reasonable attempt to dispose of the same before availing himself of the condition of return.

2. **Review.** The record examined, and found to contain no prejudicial error.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Pitzer & Hayward* and *Edwin Zimmerer,* for appellant.

*Logan F. Jackson, contra.*

FAWCETT, J.

This action was instituted in the district court for Otoe county to recover a balance of $187.50, claimed to be due upon an account for ladies' suits and coats. From a verdict and judgment in favor of defendants, plaintiff appeals.

A number of assignments are set out and argued at great length. We do not deem it necessary to refer to them, for the reason that, as we view the case, it turns upon a very simple proposition.

Defendants in their answer allege that one of the conditions of the purchase of the goods in question was that if they were not satisfactory defendants might return them to plaintiff. The witness Kennedy, manager of the ladies' department of defendants' store, testified to such agreement. In this he was corroborated by two other witnesses. Notwithstanding the fact that this testimony is uncontradicted, the court submitted the question to the jury under an instruction that to relieve the defendants from liability they must have had some substantial reason for declining to retain any of the goods. This was certainly all that plaintiff could ask. The evidence shows that defendants received 28 coats and suits in four consignments, the first being shipped October 28, the second November 4, the third November 6, and the fourth November 10, 1909. About two weeks later defendants returned 14 of the coats and suits, assigning two reasons for so doing. The package arrived at plaintiff's office on November 30. Upon receipt of the package plaintiff sent the goods to its attorneys at Nebraska City, and notified defendants that the package "has been refused for the reason that *they* consider that the reasons for the return do not exist." On December 15 defendants returned two more of the coats. Upon receipt of this package, plaintiff again wrote defendants refusing to accept the same. The evidence also

shows that defendants mailed plaintiff a check to cover the goods not returned. Plaintiff refused to accept the check, and returned the same to defendants, not because it was a personal check, but because it was not in full of account. Mr. Goldstein, one of the defendants, testified: "That check is still at the disposal of plaintiff." Thus matters stood at the time of the trial. As stated by counsel for defendants: "Properly speaking, there is in this case no question of *rescinding* the contract. It was the exercise, by the defendants, of the right to return any unsatisfactory goods." In other words, defendants are not attempting to rescind the contract, but are standing upon and asserting their rights under it.

The fact that upon receipt of the goods they did not at once return them, but remitted for the first consignment and placed the other goods upon sale, and tried for some two or three weeks to sell them, seems to us immaterial. If they, in good faith (of which the jury were the judges), tried for a reasonable length of time to sell the goods and found that they were unable to do so because of certain defects in their make-up, and for that reason the goods were unsatisfactory to them, they should not thereby be estopped from availing themselves of the condition of the contract, which was: "Anything you get from us that is not entirely satisfactory you can return it." If plaintiff saw fit to sell these goods to defendants with such a condition in the contract, it ought not to complain because defendants made a reasonable attempt to dispose of the goods, before availing themselves of the condition. A check for all goods sold is still at plaintiff's disposal. It agreed that defendants might "return any unsatisfactory goods." The goods not sold were unsatisfactory to defendants. They were all returned and are now in plaintiff's possession. This seems to be a case where the doctrine of substantial justice applies.

AFFIRMED.

LETTON, ROSE and HAMER, JJ., not sitting.